PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIANA L. RIETH, | ) |
|     Plaintiff, | ) CASE NO. 1:16CV0574 |
| v. | ) JUDGE BENITA Y. PEARSON |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **MEMORANDUM OF OPINION AND ORDER** |
|     Defendant. | ) [Resolving ECF No. 23] |

Pending is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 23) for time spent before the Court. Plaintiff Diana L. Rieth requests an award of fees in the amount of $29,876.15, which represents 25% of the retroactive benefits awarded to Plaintiff. Upon receipt of this sum, counsel for Plaintiff appropriately declares they will refund the previously awarded Equal Access to Justice Act ("EAJA") fees of $6,650[1] directly to Plaintiff. *See* Reply Memorandum (ECF No. 26) at PageID #: 1727. In addition, counsel for Plaintiff does not intend to seek any fees under 42 U.S.C. § 406(a)[2] should the Court award the full amount of fees sought in the within motion. *See* Memorandum in Support (ECF No. 23-4) at PageID #: 1712. Therefore, counsel's aggregate fees will not exceed 25% of past-due benefits. The Court

---

[1] *See* Stipulation to Award EAJA Fees (ECF No. 19) and Order (ECF No. 20).

[2] A fee request under § 406(a) would be for time spent before the Social Security Administration ("SSA").

(1:16CV0574)

has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Court grants the motion.

**I. Background**

In February 2016, Plaintiff and her counsel executed a binding U.S. District Court Retainer Agreement and Assignment that provides, in relevant part, "Attorney is to receive twenty-five percent (25%) of the past due benefits due to Client and Client's family." ECF No. 23-3 at PageID #: 1696. Thereafter, experienced counsel for Plaintiff litigated the case through multiple hearings and appeals, resulting in a favorable ruling from the SSA. During this time, Plaintiff faced a number of initial denials by Defendant Commissioner of Social Security of her applications for Disability Insurance Benefits and Supplemental Security Income.

On February 20, 2020, an Administrative Law Judge issued a written Fully Favorable decision that found Plaintiff disabled since her alleged onset date of February 19, 2009. The SSA wrote a Notice of Award to Plaintiff, dated April 2, 2020, stating that it withheld 25 percent of past-due benefits, *i.e.* $29,876.15, in case the SSA needs to pay Plaintiff's representative. *See* ECF No. 23-3 at PageID #: 1703, 1705.

Plaintiff moves the Court to approve an attorney's fee award of $29,876.15 to be paid out of her total award in past-due benefits. Plaintiff asserts that the fee, which represents 25% of the total award, is due to her attorneys for 37.3 hours of work in the case before the Article III forum. Defendant suggests that a reduction in the requested fee is warranted to avoid a windfall. *See* ECF No. 25 at PageID #: 1716.

(1:16CV0574)

## II.  Legal Standard

Section 406(b), Title 42 U.S.C. authorizes the Court to award attorney fees following the successful disposition of a Social Security disability appeal.  Pursuant to § 406(b), counsel for plaintiff may recover "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" for time representing a successful claimant in a judicial proceeding.  Section 406(b) "does not displace contingent-fee agreements," but rather calls for judicial review as an "independent check" to ensure that attorney's fees are reasonable under the circumstances of the particular case.  *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).  When an attorney has received an award of attorney fees under the EAJA, and subsequently seeks fees under § 406(b), the attorney must return the lesser of the two awards to the plaintiff.  *See Jankovich v. Bowen, 868 F.2d 867, 871 (6th Cir. 1989)* (funds paid pursuant to the EAJA serve as a "reimbursement" to the claimant for fees paid out of her disability award).

The Commissioner has no direct financial stake in the within motion for § 406(b) attorney fees, but plays a part resembling that of a trustee for claimants.  *Gisbrecht*, 535 U.S. at 798 n. 6.  In that role, the Commissioner does not stipulate or agree to fee motions under § 406(b) as a matter of policy because prevailing plaintiffs and their counsel are the real parties in interest.  Instead, the Commissioner files responses to § 406(b) motions advising the Court whether he opposes the motion pursuant to the trustee-like role described in *Gisbrecht*.[3]

---

[3]  A copy of the within motion was sent by counsel for Plaintiff to his client at Plaintiff's last known address.  *See* ECF No. 23-4 at PageID #: 1709.  Plaintiff has not filed a response to the motion.

3

(1:16CV0574)

The standards for reviewing a petition for attorneys' fees under 42 U.S.C. § 406(b) are set forth in the Sixth Circuit's decisions of *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (en banc) and *Hayes v. Secy. of Health & Human Serve.* 923 F.2d 418 (6th Cir. 1990). In *Rodriquez*, the Sixth Circuit found that an award of 25 percent of past-due social security benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. *Rodriquez*, 865 F.2d at 746. In *Hayes*, the Sixth Circuit concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis," noting that a fee in the amount of twice the standard hourly rate is *per se* reasonable and establishes a floor for awarding of attorneys' fees below which the district court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of her usual hourly rate. *Hayes*, 923 F.2d at 422; *see also Lesley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (reaffirming holding in *Hayes*).

When counsel's hourly billing rate for non-contingent-fee cases is more than half of the effective hourly rate at issue, the Court should look to the following factors: (1) what portion of the time expended on the case was attorney time versus paralegal time; (2) the degree of difficulty of the case; and, (3) any improper conduct or ineffectiveness of counsel for Plaintiff. *Hayes*, 923 F.2d at 422.

Motions for attorney fees are subject to scrutiny and may be discounted by the district court. Both *Rodriquez* and *Hayes* make clear that the district court may reduce a fee request, especially one which asks for more than twice the normal hourly rate. *See Rodriquez*, 865 F.2d

4

(1:16CV0574)

at 746; *see also* Hayes, 923 F.2d at 422 ("If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee."). Courts may reduce a fee request in two instances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended.*" Hayes, 923 F.2d at 421-22 (emphasis in original) (citation omitted). Courts may also consider other relevant factors including the extent of counsel's services, the amount of time counsel spent on the case, the results counsel achieved, and counsel's fees in other cases. *See* Gisbrecht, 535 U.S. at 794 (discussing the factors the Commissioner considers in evaluating a fee request under 20 C.F.R. § 404.1725(b)).

### III. Analysis

Plaintiff's counsel seeks 25% of Plaintiff's past-due benefits, totaling $29,876.15. Counsels' fee request remains consistent with the 25% cap provided by § 406(b) and with the fee agreement for federal court representation (ECF No. 23-3) that Plaintiff signed. There is no suggestion of fraud or overreaching by counsel for Plaintiff in the case at bar. According to counsels' time-log (ECF No. 23-3 at PageID #: 1699), they expended a total of 37.3 hours representing Plaintiff before the Court. The Court's award of $29,876.15 in fees, therefore, would result in a *de facto* hourly rate of approximately $622.68 an hour based on the 37.3 hours the attorneys expended on this case before the Court after EAJA fees are refunded to Plaintiff. *See* Bullock v. Comm'r of Soc. Sec., No. 1:15CV2158, 2020 WL 264258, at *3 (N.D. Ohio Jan. 17, 2020) (Pearson, J.) (holding that the effective hourly rate should be computed after deducting

5

(1:16CV0574)

any amount that will be refunded from the EAJA to Plaintiff from the past due benefits);[4] *see also* [*Ezzo v. Colvin*, No. 4:13CV1892, 2016 WL 6652788, at *2 n. 29 (N.D. Ohio Oct. 12, 2016)](#) (Baughman, M.J.) (noting "that after deducting the EAJA fee, the net fee amount for claimant's counsel is $10,155.00, which, when divided by the hours expended, yields an hourly rate of $491.76–an amount well below double the claimant attorney's usual hourly rate.").

The Commissioner alleges that counsel for Plaintiff would enjoy a windfall solely based on this equivalent hourly rate. [ECF No. 25 at PageID #: 1716](#). Defendant invites the Court to consider rates commonly awarded under the EAJA in the Northern District of Ohio for purposes of the *Hayes* test, imposing an upper limit of $350 per hour.[5] [ECF No. 25 at PageID #: 1717](#). A *de facto* hourly rate reached by dividing past due benefits by the time expended in court may be considered as only one of multiple factors in assessing the overall reasonableness of the requested fees. [*Gisbrecht*, 535 U.S. at 808](#). The Commissioner also does not allege that counsel for Plaintiff engaged in improper conduct or expended only minimal effort in representing Plaintiff over the past decade, nor has the Court found either in reviewing the case.

---

[4] The Commissioner argues that this portion of the *Bullock* decision was wrongly decided in determining if the hourly rate is a windfall. [ECF No. 25 at PageID #: 1719](#). However, Defendant cites to no contrary legal authority to support such a finding.

[5] While EAJA fees may be calculated using the hourly rate or "lodestar" analysis, the Sixth Circuit has held that, in applications for attorneys' fees under [42 U.S.C. § 406(b)](#), it is "error for the district courts to reduce the attorney's fee award on the ground that the amounts called for by the [twenty-five percent] contingency agreements computed to high hourly rates." [*Hayes*, 923 F.2d at 421](#). Therefore, for purposes of the windfall analysis, the Court uses counsels' hourly rate. [*Gapen v. Comm'r of Soc. Sec.*, No. 1:18CV1037, 2020 WL 7889079, at *2 n. 3 (N.D. Ohio Dec. 23, 2020)](#) (Pearson, J.).

(1:16CV0574)

For the fees to be *per se* reasonable in the case at bar, counsel for Plaintiff must establish that the standard rate is no less than $311.34 an hour – half the *de facto* hourly rate of $622.68 an hour. The normal hourly billing charge for non-contingent-fee cases of counsel for Plaintiff, however, is $375 an hour. *See* ECF No. 23-4 at PageID #: 1710. When the standard hourly rate of counsel for Plaintiff is doubled in light of the *Hayes* reasonability analysis, it amounts to $750 an hour, which is much higher than the *de facto* hourly rate at issue in the case at bar. *See Bullock*, 2020 WL 264258, at *3 (finding effective hourly rate of $725 reasonable in this district); *Ezzo*, 2016 WL 6652788, at *2, *report and recommendation approved*, No. 4:13CV1892, 2016 WL 6649309 (N.D. Ohio Nov. 10, 2016) (Gaughan, J.) (finding it appropriate to award § 406(b) fees that resulted in a *de facto* hourly rate of $700).

Plaintiff argues that the facts of the case at bar warrant a slight deviation above what the Court may find is the standard hourly rate to award the full 25% agreed to in this case. ECF No. 23-4 at PageID #: 1710. In *Hayes*, the Sixth Circuit held that in some cases "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." 923 F.2d at 422. Although the rate sought in the case at bar is not *per se* reasonable, it nevertheless triggers the rebuttable presumption of reasonableness set forth in *Rodriquez* and *Hayes*.

Social Security practitioners accepting contingent-fee arrangements bear the sometimes high risk of non-payment in unsuccessful cases. In assessing the reasonableness of a contingent fee award, the Court does not ignore the fact that the social security attorney will not prevail every time. Contingent fees generally overcompensate in some cases and undercompensate in others. *Royzer v. Sec'y of Health and Human Servs*. 900 F.2d 981, 982 (6th Cir. 1990).

7

(1:16CV0574)

The Court finds the *Hayes* factors here weigh in favor of a deviation above any *per se* reasonable hourly rate as (1) all the time spent on the merits of briefing the case before the district court was performed by attorneys, *see* ECF No. 23-3 at PageID #: 1699; (2) the case involved great difficulty and risk, requiring multiple appeals and hearings before resulting in an award of benefits to Plaintiff for the entire period of disability claimed; and, (3) there is no evidence counsel was ineffective or engaged in improper conduct to prolong the proceedings. *See Bowman v. Colvin*, No. 1:09CV248, 2014 WL 1304914, at *4 (N.D. Ohio March 27, 2014) (Gaughan, J.) (finding that an effective hourly rate of about $720, which was approximately 2.6 times counsel's average hourly rate, was not a windfall); *see also Parish v. Comm'r of Soc. Sec.*, No. 13-cv-14410, 2017 WL 3084371, at *3 (E.D. Mich. July 20, 2017) (finding an effective hourly rate of nearly $900 appropriate); *Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2016 WL 245287, at *2-3 (E.D. Mich. Jan. 21, 2016) (awarding fees that resulted in a *de facto* hourly rate of $960.68); *Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, at *10 (E.D. Mich. Aug. 5, 2015) *report and recommendation approved,* No.11-CV-15335, 2015 WL 5772000 (E.D. Mich. Oct. 2, 2015) (awarding the full 25% of past-due benefits for work performed before the court); *Droke v. Barnhart*, No. 02-1284-T/AN, 2005 WL 2174397, at *2 (W.D.Tenn. Sept. 6, 2005) (awarding § 406(b) fees equating to 25 percent of past-due benefits when *de facto* hourly rate was $830.82 – 5.5 times larger than counsel's normal hourly rate – considering that counsel was an experienced attorney who achieved "exceptional" results).

(1:16CV0574)

Considering all the relevant factors and the Court's review for reasonableness, the Court finds counsel for Plaintiff have shown that an award of $29,876.15 does not constitute a windfall in light of the windfall analysis suggested by *Hayes*, and is reasonable for the services rendered in this case. Furthermore, the total fee of counsel for Plaintiff does not exceed the 25 percent statutory cap and the contingency fee that Plaintiff agreed upon and it is reasonable given "the character of the representation and the results of the representation achieved." *Gisbrecht*, 535 U.S. at 808.

### IV. Conclusion

For these reasons, the Court grants Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 23). The Court awards attorney fees under § 406(b) in the amount of $29,876.15 to be remitted to counsel for Plaintiff, provided that counsel for Plaintiff remits to Plaintiff $6,650 in attorney fees the Court previously awarded under the EAJA to prevent double recovery of fees.

IT IS SO ORDERED.

| | |
|---|---|
| July 16, 2021 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |